SAMUEL, Judge.
The parties to this suit were the sole members of a commercial partnership engaged in the wholesale candy business. They entered into a written agreement by which plaintiff sold to defendant all of his interest in the business for a cash consideration and defendant’s assumption of, and agreement to pay, all the bills plaintiff incurred for the account .of the business. This is a suit for $565.00 which plaintiff alleges is the amount of principal, attorney’s fees and costs he was required to pay to satisfy a judgment obtained against him, which judgment was based on a debt of the business. The litigants themselves were the only witnesses. Defendant has perfected this appeal from an adverse judgment awarding plaintiff the amount for which he prayed.
The judgment against plaintiff resulted from a suit on a promissory note, signed by plaintiff alone in his individual capacity, in the original amount of $1,200.00, and payable at the rate of $50.00 per month, which note, together with a chattel mortgage on the vehicle, was given for the purchase of a truck. Title thereto was placed in plaintiff’s name but the truck, together with several other such vehicles, immediately and thereafter was used in the business for the purpose of making deliveries. Payments on the note were made by the business until the sale of plaintiff’s in *492 terest therein to defendant. After that sale defendant made three or four additional payments on the note and then discontinued such payments for the reason, as explained by defendant in his testimony, that he found out the note was a personal loan to plaintiff and not a business obligation. At the time suit on the note was filed against plaintiff there was a balance of $350.00 due thereon. At the time of the trial of this suit each litigant testified that he did not know what had happened to the truck.
We are unable to agree with defendant’s position that the note was plaintiff’s personal obligation and not one due by the business. Other than defendant’s own testimony, and that testimony is limited to a naked statement, without explanation of any kind, that he “found out” it was a personal obligation, he has offered no proof in support of his position. On the other hand defendant admits that payments on the note were made by the partnership, that he made three or four such payments after his purchase of plaintiff’s interest in the business, that the truck was part of the business and used therein from the date it was purchased, and that, together with several other such vehicles, he received the truck with the business after he acquired plaintiff’s interest in the business. These admissions, together with plaintiff’s testimony, leave no doubt in our minds concerning the facts of this case.
We conclude that defendant was aware of the purchase of the truck for the account of the business, and of the business obligation thus created, at the time of that purchase and at all times from and after the same. It is quite clear to us, as it must have been to the trial court, that the balance of the note given for the purchase of the truck was a debt of the business which defendant agreed to assume and pay as part of the consideration for his purchase of plaintiff’s interest in the business.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.